[S. F. No. 11452. In Bank.—June 30, 1926.]

## WILLIAM C. COLBERG et al., Petitioners, v. BOARD OF EQUALIZATION, etc., et al., Respondents.

(1) 38 C. J., p. 551, n. 18; 28 Cyc., p. 33, n. 73.

PROCEEDING in Mandamus to compel Board of Equalization to issue renewal of license under Motor Vehicle Transportation License Tax Act of 1923. Writ denied.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche for Petitioners.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondents.

SHENK, J.—This is an application for a writ of mandate to compel the respondents to issue to the petitioners the renewal of a license to operate their motor vehicles for hire pursuant to the Motor Vehicle Transportation License Tax Act of 1923 (Stats. 1923, p. 706). The petitioners, who are operators as defined by that act, refused to pay the license tax for the same reasons advanced by the plaintiff and respondent in the case of *Bacon Service Corp.* v. *Huss, ante,* p. 21 [248 Pac. 235], wherein the constitutionality of the statute was upheld. They seek the issuance of the license on the theory that the provisions of the act which require the same may be valid and enforceable notwithstanding the alleged unconstitutionality of the remaining provisions of the act requiring the payment of license tax. A petition for rehearing was granted herein for the same

reasons noted in the above case this day decided. **[1]** On the grounds stated in the opinion in that case it is here decided that the provisions of said act both as to the license and as to the license tax were applicable to the petitioners herein and that a renewal of the license was properly conditioned by the respondents on the payment of the accrued license fee. Said act was repealed by section 11 of a similar act approved May 23, 1925 (Stats. 1925, p. 833). From our ruling as to the validity of the 1923 statute it follows that the petitioners were not entitled to said license except upon payment of the license tax. On the authority of the above case this day decided, and on the additional ground that the issues herein would seem to have become moot by reason of the repeal of the act under which the relief was sought, the peremptory writ is denied.

Seawell, J., Curtis, J., Richards, J., Waste, C. J., and Lawlor, J., concurred.

Rehearing denied.